Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Counsel for Defendants

# United States Bankruptcy Court

## Northern District of Texas
## Fort Worth Division

| | |
|---|---|
| In re: Christopher Brandon Judge and Raquelle Ann Judge, Debtors, | Case No. 23-41465-elm |
| | Chapter 7 |
| Kristin Newman, Plaintiff | |
| v. | Adversary No. 23-04066 |
| Christopher Brandon Judge and Raquelle Ann Judge, Defendants | |

**DEFENDANTS' ANSWER**

Defendants Christopher Brandon Judge and Raquelle Ann Judge file their Answer to the Complaint Under Sections 523(a)(4) and 523(6) filed by plaintiff Kristin Newman.

**Admissions & Denials**

1. Paragraph 1 of the complaint does not contain factual allegations and therefore no admission or denial is necessary. To the extent any factual allegations are being made, the Defendants deny the allegations in paragraph 1.

2. Paragraph 2 of the complaint does not contain factual allegations and therefore no admission or denial is necessary. To the extent any factual allegations are being made, the Defendants deny the allegations in paragraph 2.

3. Defendants admit the allegations in paragraph 3.

4. Defendants deny the allegations in paragraph 4.

5. Defendants deny the allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7.

8. Defendants deny the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10, to the extent that a "separate" construction account for Plaintiff's funds was required. Defendants admit the remaining allegations contained in paragraph 10.

11. Defendants deny the allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14.

15. Paragraph 15 of the complaint does not contain factual allegations and therefore no admission or denial is necessary. To the extent any factual allegations are being made, the Defendants deny the allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants admit construction payments made under the Trust Fund Statute are considered trust funds, however, Defendants deny the remaining allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. The first sentence in paragraph 20 of the complaint does not contain factual allegations and therefore no admission or denial is necessary. Defendants deny all other allegations contained in paragraph 20.

21. Defendants deny the allegations in paragraph 21. Defendants admit that Judge DFW, LLC may have been required to maintain a construction account in connection with the funds Judge DFW, LLC received from Plaintiff.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants admit the Crescent Property is correctly described in paragraph 25 but deny all other allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

## Further Response

38.     Plaintiff entered a contract with Judge DFW, LLC for the construction of a single-family residence. The funds provided to Judge DFW, LLC by Plaintiff were used by the Defendants, acting as trustees, to pay for Judge DFW, LLC's actual expenses directly related to the construction or repair of the improvement under Section 162.031(b) of the Trust Fund Statute.

39.     Defendants did not engage in wrongful conduct under the Trust Fund Statute that would give rise to a fiduciary duty required under 11 U.S.C. § 524(a)(4). *Foxworth-Galbraith Lumber Co. v. Dissmore (In re Dissmore)*, 2004 Bankr. LEXIS 2401, at *16-17 (Bankr. N.D. Tex. 2004) (noting the Trust Fund Statute does not create "red," "blue," and "yellow" dollars each of which can only be used for the "red," "blue," or "yellow" construction project).

40.     Furthermore, there is no basis to impose a constructive trust against Defendants' personal property because the funds were not commingled with Defendants' personal monies nor used by Defendants to purchase Defendants' personal property,

41.     Similarly, there is no basis for imposing the requested declaratory relief or the appointment of a receiver as requested by the Complaint.

**FOR THESE REASONS** the Court should enter a judgment that Kristin Newman takes nothing, dismiss the suit with prejudice, and award the defendant all other relief the Court deems appropriate.

Respectfully submitted:

By: __/s/ Clayton L. Everett____
Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Defendants

## CERTIFICATE OF SERVICE

I certify that I have this September 15, 2023, served a true and correct copy of the above notice via ECF upon all parties receiving notice through the ECF system.

/s/ Clayton L. Everett