Clayton L. Everett | State Bar No. 24065212
Norred Law, PLLC | 515 E. Border St. | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Counsel for Defendants

# United States Bankruptcy Court

Northern District of Texas
Fort Worth Division

| | |
|---|---|
| In re: Christopher Brandon Judge and Raquelle Ann Judge, Debtors, | Case No. 23-41465-elm |
| | Chapter 7 |
| Kristin Newman, Plaintiff | |
| v. | Adversary No. 23-04066 |
| Christopher Brandon Judge and Raquelle Ann Judge, Defendants | |

---

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT

---

Defendants Christopher Brandon Judge and Raquelle Ann Judge (collectively, "Defendants" or "Judges") file their Brief in Opposition to Plaintiff Kristin Newman's Motion for Summary Judgment, and would respectfully show the Court as follows:

1.      Summary judgment is improper in this case because there are genuine issues of fact regarding Defendants' alleged fraud and misrepresentation. Defendants' attached declarations demonstrate that Plaintiff's allegations are contested, and summary judgment is therefore inappropriate.

### I.    CONTROVERTED FACTS

2.      Defendants contend that genuine issues of material fact exist and specifically dispute the following allegations contained in the Plaintiff's statement of uncontroverted facts:

| **Plaintiff's Uncontroverted Facts** | **The Judges' Response in Opposition** |
|---|---|
| 1. Christopher Judge and Raquelle Ann Judge are the principals of Judge DFW, LLC, each being a Manager of the Texas Limited Liability Company. | 1. Undisputed. |
| 2. Christopher Judge and Raquelle Ann Judge represented, and advertised that Judge DFW, LLC provided Architectural Services within the state of Texas. | 2. Disputed. Defendants did not represent or advertise architectural services. Defendants stated that Judge DFW, LLC would provide plans and construction documents to be included with design build contracts. Decl. of Christopher Judge ¶ 3, and Decl. of Raquelle Judge ¶ 3. |
| 3. Christopher Judge and Raquelle Ann Judge represented to Plaintiff that Christopher Judge was an architect, and that he was capable of, and would prepare, architectural plans for the construction of plaintiff's home. | 3. Disputed. Defendants represented that Christopher Judge was a draftsman. Defendants did not represent to Plaintiff that Christopher Judge was an architect. Defendants did state that Christopher Judge went to Architectural school at University of Texas at Arlington and that he had prior experience working for another architect. Defendants represented that as a draftsman, Christopher would draw up plans for a residential design. Decl. of Christopher Judge ¶ 4; and Decl. of Raquelle Judge ¶ 4. |
| 4. Christopher Judge has never held an Architect License. | 4. Undisputed. |
| 5. Christopher Judge and Raquelle Ann Judge represented that they would construct plaintiff's home in a good and workmanlike manner, in accordance with minimum industry standards. | 5. Undisputed. |

| | |
|---|---|
| 6. Christopher Judge and Raquelle Ann Judge represented that they would use licensed tradespersons, such as electricians and plumbers in the construction of Plaintiff's home and that the construction would be in accordance with building codes and that the home would be safe for human habitation as a residence. | 6. Undisputed. |
| 7. Christopher Judge and Raquelle Ann Judge represented that they were custom home builders with the knowledge and experience to build a custom home in accordance with industry standards, in a good and workmanlike manner, and in accordance with applicable building codes. | 7. Undisputed. |
| 8. Christopher Judge and Raquelle Ann Judge collected $10,000.00 from Plaintiff, as a Deposit, for the development and production of the construction plans. | 8. Disputed. Defendants received the initial deposit into the LLC's business bank account. Defendants did not personally collect or receive the initial deposit into their personal bank accounts. Decl. Christopher Judge ¶ 5. |
| 9. Christopher Judge and Raquelle Ann Judge collected $17,246.25 from Plaintiff on, as Draw #1, for the immediate ordering of doors and windows, permitting and engineering. | 9. Disputed. Defendants received the draw #1 deposit into the LLC's business bank account. Defendants did not personally collect or receive the draw #1 into their personal bank accounts. Decl. Christopher Judge ¶ 5. |
| 10. Christopher Judge and Raquelle Ann Judge never ordered the doors and windows. | 10. Disputed. In early 2022, Defendants attempted on numerous occasions to place an order for windows and doors with suppliers but were unable to confirm approval of such order until September 2022. The delay in securing approval of the windows and doors was due to the suppliers' backlogs and shortages caused by the Covid-19 pandemic. Decl. Christopher Judge ¶ 6. |

| | |
|---|---|
| 11. Christopher Judge falsely stated on many occasions that the windows and doors had been ordered, and that they would be delivered and installed. | 11. Disputed. In early 2022, Defendants attempted on numerous occasions to place an order for windows and doors with suppliers but were unable to confirm approval of such order until September 2022. The delay in securing approval of the windows and doors was due to the suppliers' backlogs and shortages caused by the Covid-19 pandemic. Any statement regarding the windows and doors ordered was not false at the time it was made. Defendants' failure to obtain the windows and doors timely was not within the control of the Defendants. Decl. Christopher Judge ¶¶ 6 and 7. |
| 12. Christopher Judge and Raquelle Ann Judge never obtained a building permit from Johnson County, Texas. | 12. Disputed. A building permit was not required for the construction of Plaintiff's home. A development permit for residential use was required for local taxes and 9-1-1 addressing, however, this permit was required to be obtained by the homeowner not Defendants. No other building permits were required. Decl. Christopher Judge ¶¶ 8 and 10. |
| 13. Christopher Judge and Raquelle Ann Judge used an unlicensed plumber to install the plumbing rough-in. | 13. Disputed. Eduardo Gaytan was hired to install the plumbing. He represented to Christopher Judge that he was working under the license and supervision of a licensed master plumber. Christopher Judge was not aware that Gaytan was operating without a license or without the supervision of a master plumber. Decl. Christopher Judge ¶ 11. |

| | |
|---|---|
| 14. Christopher Judge and Raquelle Ann Judge used an unlicensed electrician to install the electrical rough-in. | 14. Denied. Zain Galvan was hired to install the electrical wiring. He represented to Christopher Judge that he was working under the license and supervision of a licensed electrician. Christopher Judge was not aware that Galvan was operating without a license or without the supervision of an electrician. Decl. Christopher Judge ¶ 12. |

## II. SUMMARY JUDGMENT STANDARD NOT MET

3. Although summary judgment is proper in a case where there is no genuine issue of material fact, this is not a case in which the Court should grant summary judgment. Fed. R. Civ. P. 56(a), Fed. R. Bank. P. 7056. As the plaintiff, Newman must satisfy the burden by submitting summary judgment proof that establishes all the elements of her cause of action as a matter of law. *San Pedro v. U.S.*, 79 F.3d 1065, 1068 (11th Cir. 1996). This burden can only be satisfied if, after viewing the evidence in the light most favorable to the nonmovant, the Judges, no genuine issues of material fact exist, and no reasonable trier of fact could find in favor of the Judges. *Id.*

4. Allegations of fraud are rarely resolved on motions for summary judgment. *Logistic Trading, Inc. v. Borden, Inc.*, No. 89 CIV. 1491 (LBS), 1990 U.S. Dist. LEXIS 4565, at *4 (S.D.N.Y. 1990). This is because fraud usually is based on circumstantial evidence, and at the summary judgment stage, all ambiguities and reasonable inferences from such evidence must be drawn in favor of the defending party. *Id.*

## III. STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

5. Here, Defendants contend that numerous factual issues remain in dispute, including:

### A. Architectural Services Representation:

6. Plaintiff claims that Defendants falsely represented Christopher Judge as a licensed architect. However, Defendants, as per Christopher Judge's declaration, assert that they never represented him as a licensed architect but rather as a draftsman, which does not require licensing under Texas law. Declaration of Christopher Brandon Judge ¶¶ 3 and 4. Similarly, Raquelle Judge denies making any representation to Plaintiff that Christopher Judge was a licensed architect. Declaration of Raquelle Judge ¶¶ 3 and 4.

### B. Use of Licensed Tradesmen:

7. Plaintiff alleges that Defendants knowingly hired unlicensed tradespersons. Defendants state that the subcontractors hired for plumbing and electrical work represented themselves as working under proper licensing and supervision, and Defendants were unaware of any misrepresentation. Declaration of Christopher Brandon Judge ¶¶ 11 and 12.

### C. Deposit, Draw Payments, and Ordering Delays:

8. Plaintiff essentially asserts that Defendants misused funds provided for construction. Defendants counter that all funds were held in the business account and allocated appropriately, with delays in procurement due to supply chain issues related to the COVID-19 pandemic. Declaration of Christopher Brandon Judge ¶¶ 5-7.

### D. Permitting Requirements:

9. Plaintiff claims that Defendants failed to obtain necessary permits. Defendants provide evidence that the property in Johnson County did not require a building permit, and the necessary development permit was the responsibility of the homeowner. Declaration of Christopher Brandon Judge ¶ 8.

**E. Construction Quality:**

10. Plaintiff asserts that construction was not performed in a good and workmanlike manner. Defendants maintain that their work was in accordance with industry standards and that any incomplete aspects were due to premature termination of their contract. Declaration of Christopher Brandon Judge ¶¶ 9, 10, and 13.

## IV. ARGUMENT

11. To succeed on a claim of fraud, Plaintiff must prove that Defendants knowingly made false statements with intent to induce reliance. Defendants have provided sworn declarations refuting these claims, establishing that they acted in good faith and without fraudulent intent. These disputes necessitate resolution by a trier of fact.

12. To the extent that the Plaintiff's motion for summary judgment is asking the Court to determine nondischargeability of a debt based on defalcation, Defendants state that defalcation requires a fiduciary relationship and misappropriation of funds. Defendants argue that Plaintiff has failed to demonstrate a fiduciary relationship, and that all funds were properly managed within the business, subject to market conditions beyond their control.

13. Finally, the affidavits and reports submitted by Plaintiff should be subject to cross-examination and further scrutiny. Defendants contest the validity and context of the evidence provided, further supporting the need for a trial

## V. CONCLUSION

18. For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Summary Judgment and allow the case to proceed to trial for a full adjudication of the disputed facts.

DATED:  January 20, 2025.   Respectfully submitted,

   /s/ *Clayton L. Everett*
Clayton L. Everett
Texas State Bar No. 24065212
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2025, a true and correct copy of the foregoing brief has been served according to the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure via electronic means, if available, to:

*Counsel for Plaintiff:*

Michael Newman
8813 N. Tarrant Parkway, Ste. 252
North Richland Hills, TX 76182
Via: email@newmanlawtx.com

*Plaintiff and Counsel:*

Kristin Newman
1409 Kaitlyn Lane
Keller, TX 76248
kristinnewman@me.com

  /s/ *Clayton L. Everett*