UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In re: <br> **CHRISTOPHER BRANDON JUDGE** <br> and **RAQUELLE ANN JUDGE,** <br> ~~~~~ <br> **KRISTIN NEWMAN** <br> *Plaintiff*, <br> vs. <br> **CHRISTOPHER BRANDON JUDGE** <br> and **RAQUELLE ANN JUDGE,** <br> *Defendants.* | § § § § § § § § § § § § § § § | **CHAPTER 7** <br><br> **CASE NO. 23-41465** <br><br> **ADV. PRO. NO.23-04066** <br><br> **JUDGE EDWARD L. MORRIS** |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

TO THIS HONORABLE COURT:

Plaintiff KRISTIN NEWMAN (hereinafter "Plaintiff") files its Reply in Support of Plaintiff's Motion for Summary Judgment, and would respectfully show the Court as follows:

**I.**

1. Defendants Christopher Judge and Raquelle Judge attempt to controvert the Plaintiff's Summary Judgment evidence relating to Raquelle Judge and Christopher Judge falsely and unlawfully representing that Christpher Judge as a licensed architect in Texas. The Defendants' sole contention is that they never **told** Plaintiff that Christpher Judge was an architect. The controverting evidence that they are offering is that is that that he only identified himself as a

PLAINTIFF'S REPLY IN SUPPORT OF
HER MOTION FOR SUMMARY JUDGMENT                                                                 1

"*draftsman*" and that he had "*worked for an architect*". (See Doc. No. 26, Exhibits Declaration of Raquelle Judge, item 2. See Declaration of Christopher Judge, item 4). Neither of these statements are sufficient to establish that the Defendants were capable of preparing house plans, or that they were qualified and competent home builders.

2. Neither Christopher Judge nor Raquelle Judge have refuted, or controverted the internet/social media advertisement of Judge DFW/Chris Judge upon which the Plaintiff also relied in choosing the Defendants and Judge DFW to perform architectural design services. (See Doc. 16 Appendix, Plaintiff's Motion for Summary Judgment, Exhibit A.) Below is the advertisement of Christopher Judge/Judge DFW, LLC, in which the Defendants specifically represented that Christpher Judge and Judge DFW LLC provided "*Architecture & Design*" Services. In addition to the verbal affirmative representations of the Defendants that Christopher Judge "is an architect, capable of preparing house plans" (which the Defendants attempt to controvert) the Plaintiff relied upon the advertisement of the Defendants—which is set forth below and which the Defendants have not controverted.



3.     Texas law provides that falsely holding one's self out to be an "*architect*", or to use the term "*Architect*" or "*Architectural Designer*" is unlawful and a violation of Section 1051 of the Texas Occupations Code if the person is unlicensed.  Section 1051.606 does provide an exemption to liability, provided that the person does not represent that the person is an ***architect or architectural designer***.  Section 10571.701 provides that a person may not engage in the practice of architecture, or offer or attempt to engage in the practice of architecture, as defined in Section 1051.001(7)(A), (B), or (C) unless the person is registered as an architect under this chapter.  Further, a company may engage in the practice of architecture, or represent to the public that the entity is engaged in the practice of architecture, or is offering architectural services, but only if any such practice of architecture or architectural service performed on behalf of the entity is performed by or through a person registered as an architect under this chapter 1051 of the Texas Occupations Code.

PLAINTIFF'S REPLY IN SUPPORT OF
HER MOTION FOR SUMMARY JUDGMENT                                                                                           3

4. Defendants make the unsupported statement that their "performance was terminated before the [construction] could be completed." Plaintiff objects to this statement for the reason that it is conclusory. As shown in Plaintiff's motion, and in the attached letter to Christopher Judge dated November 26, 2022, the Judge's had done no work at the construction site since August 2022. (See Exhibit A). Had the Judges obtained windows in September 2022, as they allege, they certainly had the sufficient opportunity to install them. Neither Christopher Judge nor Raquelle Judge even attempted to perform any additional work on the house after August 2022. The Defendants offer various screen shots of text messages to and from an unknow person that purport to be discussions about window manufacturing. Plaintiff objects to these messages as they are hearsay, and conclusory, and no window manufacturer has been identified as a witness. Defendants have not offered any evidence to establish that windows were unavailable, from any source, during the period of 2021 and 2022, nor have they offered any evidence to establish that they purchased and paid for any windows. The Defendants have offered to evidence to explain why they never ordered or purchased any doors (interior and exterior), which were also to be purchased with the first draw.

5. Neither Defendant has controverted, or refuted the advertisement representing that Christopher Judge provides architectural & design services. Instead, the Defendants assert that Christopher took architectural classes, that he is a "draftsman", and that he "worked for an architect." None of these statements controvert the evidence before the Court nor does it present any affirmative defense to the violations of the Texas Occupations Code. Furthermore, none of these statements made by the Defendants Christopher Judge or Raquelle Judge establish that the Defendants were actually capable of producing building plans, that they in fact had prepared and produced a set of building plans, or that the building plans were properly designed. Defendant Christopher Judge only alleges that he "*stated that* [he is] '*capable of and would prepare*

*construction documents'"*. (See Doc. 26, Declaration of Christopher Judge, item 4) Furthermore, neither Defendant has controverted the abundant evidence before the Court that they are not qualified, competent, knowledgeable and skilled custom home builders. The Defendants have not controverted the evidence that the workers utilized by the Defendants to construct the home were unskilled, unsupervised, unlicensed, and incompetent tradesmen, unable to construct the home according to minimum building codes, and unable to construct the home in a good and workmanlike manner. Nor have Defendants refuted any of the damages set forth in Plaintiff's motion. Since the Defendants have not offered any controverting evidence to challenge the Plaintiff's damages the Court should accept the amount established by the Plaintiff in her Motion for Summary Judgment.

6.     The Defendants have failed to present any summary judgment evidence controverting Plaintiff's evidence that Defendants: were not skilled, competent, or qualified home builders; did not have any knowledge or experience in building homes; are not capable of building residential homes; that the Defendants failed to build the home in a good and workmanlike manner; and that all such actions resulted in Plaintiff's damages. Defendants only presented a few conclusory statements in their response. Accordingly, this Court should grant Plaintiff's summary judgment as a matter of law.

## II. OBJECTIONS TO DEFENDANTS' EXHIBITS

7.     Plaintiff objects to the statements in the Declaration of Christopher Judge as conclusory, including the following statements:

> "These windows were not capable of being ordered sooner because the manufacturer or supplier had a large backlog of orders and shortages because of the Covid-19 pandemic."

8.     This statement is conclusory and is hearsay, and should be stricken.

> "Any statement regarding the windows being ordered was not false at the time it was made. The request or order had been attempted numerous times, but no approval of the order could be confirmed by the supplier or manufacturer until September 7, 2022."

9. This statement is conclusory and is hearsay, and should be stricken.

> "A building permit for the construction of the Plaintiff's home is not required in Johnson County for this property."

10. This statement is conclusory and is hearsay, and should be stricken.

> "No other building permits or engineering were required"

11. This statement is conclusory and is hearsay, and should be stricken. Further, this statement calls for an expert opinion for which Christopher Judge had not been qualified to make.

> "Eduardo Gaytan was hired to install the plumbing. He had represented to me that he was working under the license and supervision of a licensed master plumber. He was hired based upon his contractor application. At no time was I or any representative of Judge DFW, LLC aware that he was operating without a license or without supervision of a master plumber."

12. This statement is conclusory and is hearsay, and should be stricken. Further, this statement calls for an expert opinion for which Christopher Judge had not been qualified to make.

> "Similarly, Zain Galvan was hired to install the plumbing. He had represented to me that he was working under the license and supervision of a licensed electrician. He was hired based upon his contractor application. At no time was I or any representative of Judge DFW, LLC aware that he was operating without a license or without supervision of an electrician."

13. This statement is conclusory and is hearsay, and should be stricken. Further, this statement calls for an expert opinion for which Christopher Judge had not been qualified to make.

> "Judge DFW, LLC was constructing the home within applicable building codes and in a workmanlike manner. To the extent those things were not completed or fell short, it is because Judge DFW, LLC's performance was terminated before such things could be completed."

14. This statement is conclusory and is hearsay, and should be stricken. Further, this statement calls for an expert opinion for which Christopher Judge had not been qualified to make.

> "Judge DFW, LLC attempted to order the windows from its supplier on multiple occasions beginning in early January and February of 2022, but was unable to have the order approved until September 7, 2022. These windows were not capable of being ordered sooner because the manufacturer or supplier had a large backlog of orders and shortages because of the Covid-19 pandemic."

15. This statement is conclusory and is hearsay, and should be stricken.

> "Any statement regarding the windows being ordered was not false at the time it was made. The request or order had been attempted numerous times, but no approval of the order could be confirmed by the supplier or manufacturer until September 7, 2022. Defendants' ultimate failure and inability to order the windows and doors was not within his control."

16. This statement is conclusory and is hearsay, and should be stricken.

> "A building permit for the construction of the Plaintiff's home is not required in Johnson County for this property. A development permit for residential use was required for the purpose of local taxes and 9-1-1 addressing, however, this permit is required to be procured by the homeowner."

17. This statement is conclusory and is hearsay, and should be stricken.

> "No other building permits or engineering were required."

18. This statement is conclusory and is hearsay, and should be stricken. Further, this statement calls for an expert opinion for which Christopher Judge had not been qualified to make.

> "Eduardo Gaytan was hired to install the plumbing. He had represented to me that he was working under the license and supervision of a licensed master plumber. He was hired based upon his contractor application. At no time was I or any representative of Judge DFW, LLC aware that he was operating without a license or without supervision of a master plumber."

19. This statement is conclusory and is hearsay, and should be stricken. Further, this statement calls for an expert opinion for which Christopher Judge had not been qualified to make.

> "Similarly, Zain Galvan was hired to install the plumbing. He had represented to me that he was working under the license and supervision of a licensed electrician. He was hired based upon his contractor application. At no time was I or any representative of Judge DFW, LLC aware that he was operating without a license or without supervision of an electrician."

20. This statement is conclusory and is hearsay, and should be stricken. Further, this statement calls for an expert opinion for which Christopher Judge had not been qualified to make.

> "At all times before Judge DFW, LLC was terminated from this construction project, Judge DFW, LLC was constructing the home within applicable building codes and in a workmanlike manner. To the extent those things were not completed or fell short, it is because Judge DFW, LLC's performance was terminated before such things could be completed."

21. This statement is conclusory and is hearsay, and should be stricken. Further, this statement calls for an expert opinion for which Christopher Judge had not been qualified to make.

### III. CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiff respectfully request that the Court sustain Plaintiff's objections to Defendants' alleged summary judgment evidence, strike the affidavits of Christopher Judge and Raquelle Judge, grant Plaintiff's Motion for Summary Judgment, and render a final judgment in Plaintiff's favor as to the claims for fraud and defalcation and for such other relief as this Court deems suitable.

Dated February 6, 2025

Respectfully submitted,

By: /s/ *Michael S. Newman*
Michael S. Newman SBOT #14963900
Michael S. Newman, Attorney at Law, pllc
8813 N. Tarrant Parkway, Suite 252
North Richland Hills, Texas  76182-8461
Tel 817-656-8100
Email@NewmanLawTX.com

 */s/ Kristin Newman*
Kristin Newman
SBOT # 24102279

        1409 Kaitlyn Lane
        Keller, TX 76248
        T:  817-480-5877
        E-Mail:  kristinnewman@me.com


        Attorney for Plaintiff


CERTIFICATE OF SERVICE - I hereby certify that a true and correct copy of the foregoing document was served on Christopher Brandon Judge and Raquelle Ann Judge, as Defendants, and Clayton L. Everett, as lead counsel, according to the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure.

*Via ECF:*
 Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border St. | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Attorneys for Defendants

        */s/ Michael S. Newman*

PLAINTIFF'S REPLY IN SUPPORT OF
HER MOTION FOR SUMMARY JUDGMENT        9

# EXHIBIT A

# MICHAEL S. NEWMAN
*Attorney at Law, pllc*

**8813 N Tarrant Parkway, Suite 252**                                                          *Fellow of the College*
**North Richland Hills, Texas 76182-4366**                                                *of the State Bar of Texas*

**TELEPHONE:**
    **(817) 656-8100**

*e-mail:* mike@newmanlawtx.com

November 26, 2022

Christopher Judge
Raquelle Judge
Judge DFW, LLC

Via email:    Chris@JudgeDFW.com
              Raquelle@JudgeDFW.com

    Re:    1224 Durham Ln., Cleburne, Texas

Dear Chris and Raquelle:

    I am writing to you on behalf of Kristin Newman, the owner of the above-referenced property. As you know, you held yourselves out to be skilled, professional, knowledgeable and trust-worthy design specialists and residential builders. You entered into a residential construction contract with Kristin Newman on August 9, 2021, representing that her home would be completed by May, 2022. You began construction on or about January 1, 2022, and to date, have only installed the foundation, the framing, the roof, and a portion of the electrical, plumbing and HVAC rough-in. As you know, there are multiple problems with each of these items, and you have "promised" to address each of these, since August of this year. Further, you have done, essentially, no work on the house since August, and you have failed to honor any of your "promises". It appears that you have abandoned the project with no intention of returning. At this point, Kristin Newman is evaluating her options on completion of the house. Making a determination as to the amount of damages and costs resulting from your shoddy and unacceptable work still remains to be calculated.

    At this time, however, Kristin Newman makes formal demand from each of you for a complete accounting of all funds paid to you. As you should know, each of you is required to hold Kristin Newman's money in a separate construction account and to hold such money as a fiduciary. That money can only be expended on her project and cannot be used for any other purpose. You are required by law to maintain your financial and accounting records for a period of one year following the completion of the project. By Texas law, each of you has a fiduciary obligation to hold the money paid to you for the benefit of Kristin Newman. As such, this is a very serious issue that demands each of your immediate attention, as the failure to create a separate construction account, the failure to hold the owner's funds separately, in trust, or the misdirect *any* of the

owner's funds constitutes a violation of the Texas Property Code, and, further, is a felony of the third degree.

I have reviewed your draw requests, and payments made by Kristin Newman, and have come to the following conclusions as to overpayments made by Kristin Newman. Kristin Newman paid a $10,000.00 Deposit to you, upon signing the Contract. That amount should still be held by you, in the trust account. Further, Kristin Newman paid Draw Number 1, in the amount of $17,246.25 which was specifically intended to be used by you "*[t]o immediately order windows and doors, and further to pay for engineering and construction permits.*" In October, 2022, Raquelle wrote to Kristin Newman, stating that the "*windows have been ordered*". Subsequently, Christopher Judge falsely stated that the windows were "*on backorder*", that glass was unavailable due to "*supply chain issues*", that the windows were ready, but were "*awaiting the glass*", that the windows would be delivered in "*a week*" and that the would be installed "*in a few days*", to name but a few of his false promises and representations. Finally, Christopher Judge admitted, a few weeks ago, that the windows had never been ordered, and that you took her $17,246.25 without ever ordering windows. Similarly, Christopher Judge falsely stated, on a number of occasions, that the Johnson County Building Permit had been obtained. However, we recently discovered that, although funds were paid for same, you never applied for the permit. Therefore, each of you has a continuing obligation to hold the first draw amount of $17,246.25 in trust, in your fiduciary capacity. Additionally, Kristin Newman overpaid Draw Number 5 in the amount of $19,030.30 (she paid the first half, and then paid the full amount, again, on May 6, 2022). Chris stated that you would hold that amount, (in trust, as a fiduciary) to be applied towards Draw Number 6. Currently, you have not completed the work to entitle you to the full amount of Draw Number 5, as there still remains the unresolved issues with the foundation, framing, roofing, and the plumbing, electrical and HVAC rough-in. (*i.e.*, you have not passed inspection). I have further discovered that you over-charged Kristin Newman for Draws #2, #3, #4 and #5, in that you based those draw amounts on the Base Contract Price ***plus the allowance amounts***. Those draws should only have been based upon the Base Contract Amount. Since you were not due any amount for the allowances, those additional overpayments must be held by each of you, as a fiduciary, in the construction account, in trust for the benefit of Kristin Newman.

Therefore, I am demanding that you immediately return the sum of $60,548.30 which you are holding, in trust for the benefit of Kristin Newman. I am further demanding that you provide a complete and full accounting of all expenditures that you have made from the $198,518.98 that Kristin Newman has paid to you, to date. The payment of $60,548.30 must be made, in certified funds, no later than 5:00 p.m. on Monday, November 28, 2022, along with the accounting of all monies paid to you. Once it is determined how much additional cost, above and beyond the Contract amount, is necessary to complete the construction project, you will be further notified of your liability for your breach of contract. The $60,548.30 is only intended to reimburse Kristin Newman for the trust funds that you are currently holding (or should be holding), and for which you have not legally expended. Also, be aware that Texas law provides that each of you, (as a manager of Judge DFW, LLC) are personally liable for this debt and obligation.

Finally, I have requested, on numerous occasions, that you provide Kristin Newman with the required list of subcontractors that you used, or intended to use, on this construction project. You are required to provide the name, address and telephone number of each of the subcontractors.

To date, you have provided names and telephone numbers of the electrician, plumber, and HVAC installer (I have found no license issued to any of them). You have failed to provide the name of the concrete supplier, concrete finisher, lumber supplier or any other subcontractor involved in the construction project. You have failed to provide the identity of the roofer, or the fireplace installer. Additionally, you failed to provide the identity of the license holder for the electrical, plumbing and HVAC. You have not provided the identity of the cabinet maker, the finish carpenter, the sheetrock installer, the vendor for doors, garage doors, or the window supplier, to name but a few of the missing vendors. Demand is hereby made, again, for the required information as set forth in the Texas Property Code. As an "experienced" builder, you should certainly have a list of tradesmen that you have used or intend to use, on your construction projects. Therefore, demand is also made upon you to provide the statutorily required list of vendors no later than 5:00 p.m. on Monday, November 28, 2022, as well.

       Your immediate attention to this matter is urgently required. Should you have any questions, please do not hesitate to call.

       Very truly yours,

       Michael S. Newman

C: Kristin Newman